# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO DELOZA,<br><br>          Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 18-09266-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 29, 2018, Roberto Deloza ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on February 11, 2019. (Dkt. 16.) On April 17, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and law.

## BACKGROUND

Plaintiff is a 49 year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on April 30, 2015, alleging disability beginning December 31. 2013. (AR 14.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 31, 2013, the alleged onset date. (AR 16.)

Plaintiff's claims were denied initially on September 11, 2015. (AR 14.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on October 2, 2017 in Norwalk, California. (AR 14.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 14.) Vocational expert ("VE") Randi A. Langford-Hetrick also appeared and testified at the hearing. (AR 14.)

The ALJ issued an unfavorable decision on November 27, 2017. (AR 14-23.) The Appeals Council denied review on August 29, 2018. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 31, 2013, the alleged onset date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: arthritis bilateral hands; post surgical correction of swan neck deformity on right; blind left eye; and obesity. (AR 16-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17.)

4

The ALJ then found that Plaintiff has the RFC to perform a reduced range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can perform light work as defined; can perform fine/gross manipulation bilaterally on an occasional basis; and is precluded from jobs requiring binocular vision.

(AR 17-21.) In determining the above RFC, the ALJ made a determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence in the record. (AR 18.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a machinist. (AR 21.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of crossing guard and usher. (AR 21-22.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 22-23.)

## DISCUSSION

The ALJ decision must be reversed. It is internally contradictory, finding that Plaintiff's subjective symptom allegations are not fully consistent with the medical evidence (AR 18, 20) and at the same time asserting that the Plaintiff's subjective symptom allegations were not rejected but accepted and accommodated by the RFC. (AR 20, JS 12:17-20.) The ALJ decision is vague and ambiguous, and the record is not fully developed in regard to Plaintiff's subjective symptom allegations. Therefore, the ALJ decision lacks substantial evidence and is remanded for further proceedings.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20

C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Background**

Plaintiff alleges disability due to arthritis in both hands and vision problems. (AR 18.) The ALJ found that Plaintiff has the medically determinable severe impairments of arthritis bilateral hands, post-surgical correction of swan neck deformity on right, blind left eye, and obesity. (AR 16.) Nonetheless, the ALJ found that Plaintiff had the residual functional capacity to perform a reduced range of light work with only occasional fine/gross manipulation bilaterally and no jobs requiring binocular vision.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent with

the medical evidence and other evidence of record." (AR 18, 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ failed to do so.

The ALJ found that the medical evidence does not support the alleged severity of Plaintiff's subjective symptom allegations. (AR 20.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Plaintiff was treated at Montebello Orthopedic Medical Group for bilateral hand pain in May 2016. (AR 18.) Physical examination revealed swan neck deformity seen in the fourth and fifth digits in both hands, inability to make a full fist with his left hand, and significant stiffness at the first metacarpal joint in both hands. (AR 18.) He was diagnosed with bilateral hand rheumatoid arthritis, swan neck deformity, and hypermobility. (AR 18.) Diagnostic studies taken in July 2015 revealed swan neck deformities on both hands and arthritis in the middle and ring fingers. (AR 19.) In August and October 2016, Plaintiff underwent surgery for his hand/wrist and right hand surgery to fix a swan neck. (AR 19.) Subsequent treatment notes indicated right hand improvement with more strength and less pain in his right hand as well as improved grip. (AR 19.) The ALJ gave "great weight" to the opinion of consulting internist Dr. Marvin Perer, who in July 2015 opined Plaintiff can perform light work "secondary to bilateral hand and finger pain." (AR 19, 20, 233.) Dr. Perer did not assess any manipulative limitations. The ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms are "not entirely consistent with the medical evidence and other evidence of record." (AR 18.) He also stated that the medical evidence does not support the alleged severity of symptoms. (AR 20.)

Plaintiff does not challenge the ALJ's presentation of the medical evidence or dispute that it constitutes substantial evidence in support of the RFC or a clear and convincing reason for discounting of Plaintiff's subjective symptom allegations. The medical evidence, however, is

an insufficient basis by itself to discount Plaintiff's subjective symptoms.  Burch, 400 F.3d at 680-81.  The ALJ and the Commissioner do not assert any other clear and convincing reason for rejecting Plaintiff's subjective symptom allegations.  It would appear that the Court is obliged to reverse.

The ALJ and Commissioner do make the contradictory argument that the ALJ's RFC accommodates Plaintiff's subjective complaints.  (AR 20.)  In the Joint Statement, the Commissioner asserts, "Plaintiff's argument is based on a false premise: that the ALJ here rejected his allegations of subjective symptoms."  (JS 17-18.)  The ALJ, however, as noted above, did reject Plaintiff's subjective symptom allegations twice.  (AR 18, 20.)  The ALJ's RFC was for light work with occasional handling and fingering: "fine/gross manipulation bilaterally on an occasional basis."  (AR 17.)  Plaintiff's testimony is for less than the assessed limitations.  Plaintiff testified he cannot lift heavy things with his right hand ("I can't hold heavy things at all with my right hand").  (AR 34.)  He struggles with fine manipulation like using a pen or pencil or picking up a penny.  (AR 34.)  He cannot write.  (AR 34.)  He experiences pain, stiffness, and inflammation in the hands.  (AR 33-34.)  He is awaiting surgery on his left hand.  (AR 33.)  The ALJ and Commissioner focus on right hand improvement after surgery but as noted above Plaintiff testified he cannot lift heavy things with his right hand and there had been no left hand surgery at the time of the ALJ decision.  The Commissioner's response to Plaintiff's subjective symptom testimony is to cite the medical evidence which by itself is insufficient to reject that testimony.  The error is not harmless.  See Tommasetti, 533 F.3d at 1038 (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).  The VE testified that, if the RFC were for occasional fine manipulation but less than occasional gross manipulation, there would be no work available. (AR 48.)

The ALJ's contradictory positions render the decision ambiguous.[1] The ALJ has a duty to develop the record fully and fairly. Smolen, 80 F.3d at 1288. The ALJ did not explicitly or fully identify the testimony he rejected nor provide sufficient, clear and convincing reasons for rejecting the testimony.

The ALJ's rejection of Plaintiff's subjective symptom allegations is not supported by substantial evidence and must be reversed and remanded for further proceedings.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: November 12, 2019          */s/ John E. McDermott*
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Another curious ambiguity is the ALJ's finding that Plaintiff's impairments "could not reasonably be expected to cause the alleged symptoms." (AR 18 (emphasis added).) The Court does not know if this language was intended, i.e., was the insertion of "not" an oversight? Plaintiff takes the language to mean what it says. The Commissioner does not comment on it. Taken as stated, the finding removes any doubt that the ALJ rejected Plaintiff's subjective symptom testimony.